**358**

Miles PUCKETT, Appellant,

v.

Luther Dean DUNN, Administrator of the
Estate of Reverend Noah
Puckett, Appellee.

Court of Appeals of Kentucky.

Oct. 31, 1975.

Eugene C. Rice, Paintsville, for appellant.

Walter W. Turner, Mann & Turner, Salyersville, for appellee.

JONES, Justice.

Miles Puckett appeals from an order of the trial court that dismissed his complaint for failure to state a claim on which relief could be granted.

The sole issue presented on appeal is the propriety of the trial court's order. In order to resolve the issue, it is necessary to detail the pertinent portions of the complaint.

Miles alleged in his complaint that Dunn, the administrator of Reverend Noah Puckett, offered for sale at public auction the estate of Reverend Puckett. The notice of sale filed with Miles' complaint appeared in a local newspaper and is as follows:

"NOTICE OF SALE

THE REV. NOAH PUCKETT FARM
AT
LAKEVILLE, KENTUCKY

I will offer for sale to the highest and best bidder the farm owned by Rev. Noah Puckett at public auction on Saturday, April 28, at 10:00 a. m. The sale will be conducted at the said premises. This farm consists of 39 acres more or less, one dwelling house and one tobacco barn. It also has a good tobacco base and pasture.

The terms of sale will be $1,000 down and remaining balance due in 30 days or upon delivery of deed.

Luther Dean Dunn, Administrator
of the estate of
Rev. Noah Puckett."

Miles further alleged that the sale was held as advertised and that he was not only the highest and best bidder, but was also

the only bidder.[1]  He admits, however, that his brother Robert bid the sum of $8,000. He states also that Robert was under the influence of intoxicants and that Dunn knew Robert Puckett was not capable of making a bid.

In the concluding paragraph of the complaint, Miles demanded the trial court to enter an order directing that his bid be the highest and best bid given at the auction of April 28, 1973.  He sought also that the trial court order Dunn to deliver a deed for the property that he contends he purchased. Miles also moved the trial court to issue an order to restrain Dunn from any further action toward offering the property for sale.  In the alternative, he demands that in the event Dunn fails to accept his bid, or that the trial court should rule against him, that the court require Dunn to recover from his brother Robert the difference between his bid of $8,000 and the $5,000 bid that he submitted.

■ Counsel for both parties have favored this court with briefs dealing solely with the technicalities of the complaint, and whether the complaint stated a claim upon which relief could be granted.  The real crux of the problem, as this court views it, is whether a sale took place on April 28, 1973.

"A sale at auction, like every other sale, must have the assent, expressed or implied, of both seller and buyer.  An announcement of an auction or the act of putting property up for sale thereat, does not constitute an offer to sell capable of acceptance by the making of a bid.  An advertisement of an auction is not an offer to sell which becomes binding, even conditionally, on the owner when a bid is made.  *Rather, an announcement that a person will sell his property at public auction to the highest bidder is a mere declaration of intention to hold an auction at which bids will be received.*  (Emphasis ours.)  It is a mere invitation to those attending the sale to make offers by bids.  The contract becomes complete only when the bid is accepted, this being ordinarily denoted by the fall of the hammer.  These common-law principles are adopted by both the Uniform Sales Act and the Uniform Commercial Code."  7 Am.Jur.2d § 20.

This court has said,

"It is, of course, elementary that under the Civil Rules a complaint need only give fair notice of a cause of action and the relief sought.  Clay, 6 Kentucky Practice, Rule 8.01, Note 3 et seq.  But still it must disclose a cause of action.  .  .  . *Where a plaintiff chooses to state his complaint in full detail, in lieu of the simple form sufficient under the Civil Rules, and neither its contents nor the inferences reasonably to be drawn from them will support his claim for relief, a motion to dismiss serves substantially the same purpose as a motion for summary judgment and should be sustained.*"  (Emphasis ours.)  *Security Trust Co. v. Dabney,* Ky., 372 S.W.2d 401 (1963).

■ It is the opinion of this court that the trial court did not err in dismissing the complaint simply because it did not disclose a claim upon which relief could be granted.

The judgment is affirmed.

All concur.

---

1.  Miles alleged that his bid was $5,000.